Computer

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

2013 AUG -8 PM 4: 28

CLERK OF COURT

THE PEOPLE OF GUAM,                      )
                                         )      **CRIMINAL CASE NO. CF0193-13**
           vs.                           )
                                         )      **DECISION AND ORDER**
THOMAS GREGORY ARNOLD,                   )
                                         )
           Defendant.                    )
                                         )
_____  )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed June 3, 2013. Oral arguments were heard on July 5, 2013. Assistant Attorney General Elizabeth S. Vasiliades appeared on behalf of the Government and Attorney Jeffrey A. Moots represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged by indictment with first degree criminal sexual conduct, *inter alia*, for allegedly engaging in cunnilingus with a minor under the age of sixteen (16), in violation of 9 GCA § 25.15(a)(2). On June 3, 2013, Defendant moved to dismiss the first degree criminal sexual conduct charge because Defendant argues the grand jury heard evidence that cunnilingus occurred but that penetration did not occur ([Def.'s] Mem. Of Law in Supp. of Mot. to Dismiss, 1-2). Defendant posits that cunnilingus is not sexual penetration unless it is committed in conjunction with "any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." 9 GCA § 25.10(a)(9); (see Def.'s Resp. to People's Resp. to Def.'s Mot. to Dismiss).

## DISCUSSION

Under Guam law, "[t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b) (emphasis omitted). "A reviewing court

should uphold an indictment 'if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it.'" *People v. Grajo*, No. 86–00002, 1987 WL 109393 at *2 (D. Guam App. Div. 1987) (emphasis in original) (citation omitted).

Guam law defines sexual penetration as follows:

> Sexual Penetration means sexual intercourse, cunnilingus, fellatio, anal intercourse or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

9 GCA § 25.10(a)(9) (emphasis omitted).

In this case, Defendant argues that there are no rational grounds to assume the possibility of sexual penetration because the act of cunnilingus must occur in conjunction with "any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." *Id.* The Court does not agree. The "any other intrusion, however slight" phrasing is preceded by a disjunctive "or" which indicates the Legislature intended both cunnilingus, and in addition, any other intrusion, to constitute sexual penetration. This plain reading of the statute does not yield an ambiguous definition or absurd and impractical consequences. *See Sumitomo Const., Co., Ltd. v. Government of Guam*, 2001 Guam 23 ¶ 17; *People v. Flores*, 2004 Guam 18 ¶ 18. Conversely, Defendant's construction of 9 GCA § 25.10(a)(9) requires "any other intrusion" to be made in conjunction with intercourse, cunnilingus, or fellatio. This reading creates the absurd consequence that fellatio may not constitute sexual penetration without an intrusion, however slight, into a male genital opening, which would be the urethra. Such an act is neither defined nor anticipated by the Legislature, and the Court cannot reasonably adopt Defendant's construction of the statute. For these reasons, there are rational grounds for the grand jury to assume the possibility of sexual

penetration, as it is legally defined by the Legislature, on the basis of cunnilingus and Defendant's motion shall be denied.[1]

\\\

\\\

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is hereby DENIED.

**SO ORDERED this** _____ **day of August, 2013.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

---

[1] Therefore, since sufficient competent evidence of sexual penetration was presented to the grand jury, 8 GCA §50.42 directs that the indictment is not rendered void by the presentation to the grand jury of what Defendant characterizes as evidence of "other bad acts" ([Def.'s] Mem. of Law in Supp. of Mot. to Dismiss, 1-2).